**Docket No. 11-2688**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

**GRACE M. CANNATA,**
Plaintiff-Appellant,

v.

**DORIS J. MASTERS,** individually and
as the representative of the certified class,
Plaintiff-Appellee,

v.

**LOWE'S HOME CENTERS, INC.,**
Defendant-Appellee.

---

**PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL**

---

Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle, Suite 1000
Chicago, IL  60602


Attorney for Plaintiff-Appellee
DORIS J. MASTERS, individually and
as the representative of the certified class

## Introduction

Plaintiff-Appellee Doris J. Masters ("Masters"), individually and as the representative of the certified class, respectfully moves for dismissal of the instant Appeal filed by Objector Grace M. Cannata ("Cannata"). Cannata, an unnamed Class member and nonparty, attempts to seize control of the parties' class action settlement through her objection. Dismissal is warranted by Cannata's failure to intervene as a party in the Underlying Action before filing her Appeal, as required under these circumstances by *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998) ("*Felzen*"), *aff'd by California Public Employees' Retirement System v. Felzen*, 525 U.S. 315 (1999). In further support of her motion, Plaintiff-Appellee states as follows:

## Factual background

1.      Masters brought the Underlying Action, *Masters v. Lowe's***,** No. 09-cv-00255 (S.D. Ill.) (Gilbert, J.), pursuant to the credit card receipt truncation requirement of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681 *et seq.* Masters' complaint alleged that Defendant-Appellant Lowe's Home Centers, Inc. issued credit card receipts for in-store payments that included more than the last five digits of the customers' account numbers.

2.      On December 1, 2010, the Underlying Action settled on a class-wide basis, and the District Court preliminarily approved the Class Action Settlement on

January 11, 2011. See *Masters v. Lowe's, supra* (Doc. # 47). [1]

    3.      The District Court further approved the parties' agreed-upon Supplemental Order of Preliminary Approval, entered on March 11, 2011. (Doc. # 51).

    4.      Notice was disseminated to the Class on April 1, 2011.

    5.      On April 26, 2011, the designated Claims Administrator received Cannata's electronic claims submission form.

    6.      On May 2, 2011, Cannata filed an Objection to the Class Action Settlement. (Doc. # 55).

    7.      Despite Cannata's Objection, the District Court granted Final Approval on July 14, 2011. (Doc. # 63).

    8.      On July 25, 2011, Cannata appealed the District Court's entry of Final Approval, not having previously intervened as party. (Doc. # 64).

    9.      On July 27, 2011, the District Court entered an Order of Final Judgment. (Doc. # 67).

## Legal argument

    10.    *Felzen* holds that nonparties may not appeal from a decision of any kind in a class action. 134 F.3d at 875.

    11.    *Felzen* extended *S.E.C. v. Wozniak*, 33 F.3d 13 (7th Cir. 1994)

---

[1]      Unless otherwise stated, docket numbers cited herein refer to the District Court action.

("*Wozniak*"), which held that investors could not appeal a receiver's court-approved plan of distribution without first intervening and becoming formal parties to the litigation, to an appeal by a member of certified class. *See S.E.C. v. Enterprise Trust Co.*, 559 F.3d 649, 651 (7th Cir. 2009) ("*Enterprise Trust*").

12.     However, in *Enterprise Trust*, *supra*, a panel of this Court stated that *Wozniak* had been called into question by *Devlin v. Scardelletti*, 536 U.S. 1 (2002) ("*Devlin*"), which holds that class members may appeal without becoming parties in their own right. *Id.*, at 14.

13.     In *Devlin*, the petitioner was an unnamed Fed. R. Civ. P. 23(b)(1) class member, which, the Supreme Court noted, "meant that the petitioner had no ability to opt out of the settlement." *Id.*, at 10. Moreover, the petitioner was time-barred from intervening as a party in the district court action. *Id.*, at 5. Accordingly, the "petitioner's only means of protecting himself from being bound by a disposition of his rights" was through an appeal. *Id.*, at 10-11.

14.     The *Enterprise Trust* court recognized *Devlin*'s specific relevance where a "judicial decision concludes the rights of the affected person, who cannot litigate the issue in some other forum." 559 F.3d at 651. Under such circumstances, the affected person is "bound by the suit's outcome." *Id.* The receivership proceeding at issue in *Wozniak* fit that description, and so *Wozniak* was overruled as incompatible with *Devlin. Id.* at 652.

15.     By contrast, *Devlin* should not govern appeals by members of classes certified pursuant to Rule 23(b)(3). Unlike Rule 23(b)(1) class members, Rule 23(b)(3) class members may opt out of the litigation. This cuts directly against the rationale underlying *Devlin*. As this Court explained in *Gautreaux v. Chicago Housing Authority*, 475 F.3d 845, 851-852 (7th Cir. 2007):

> [I]n *Devlin,* the Supreme Court stated that "[w]hat is most important to this case is that nonnamed class members are parties to the proceedings in the sense of being bound by the settlement." 536 U.S. at 10, 122 S. Ct. 2005. *Devlin* therefore reflects a concern that, without an opportunity to appeal, unnamed class members will have no other recourse than to accept the terms of a settlement and to forfeit further pursuit of their claim. Indeed, some circuits have noted a hesitation to extend *Devlin* beyond the procedural context of a class action settlement agreement to which class members do not have the opportunity to opt out. *See P.A.C.E. v. Sch. Dist. of Kansas City,* 312 F.3d 341, 342–43 (8th Cir. 2002) (holding that *Devlin* was inapplicable to a situation where class members wanted to "challenge individual litigation decisions by class counsel during the pendency of the suit"); *In re Gen. Am. Life Ins. Co. Sales Practices Litig.,* 302 F.3d 799, 800 (8th Cir. 2002) (noting, in dicta, that there is "considerable merit" to the contention that Devlin does not apply to class actions certified under Federal Rule of Civil Procedure 23(b)(3), from which class members may opt out). The Eleventh Circuit has stressed that *Devlin* "allow[s] appeals by parties who are actually bound by a judgment, not parties who merely *could* have been bound by a judgment." *AAL High Yield Bond Fund v. Deloitte & Touche LLP,* 361 F.3d 1305, 1310 (11th Cir. 2004) (emphasis in original).

16.     Because *Devlin* and *Wozniak* are inapposite here, Cannata's objection should be dismissed in accordance with *Felzen*.

17.     The form of Notice sent to Cannata on April 1, 2011 clearly informed her and the other Class members of their right to opt out of the Settlement. *See*

Motion for Supplemental Approval of Class Action Settlement, Exhibit 1, Amendment to Settlement Agreement, at internal Ex. D. (Doc. # 49-1) ("You may exclude yourself. If you exclude yourself, you will receive no benefits, you will not be giving up any legal claims you may have against Lowe's, and you will not be bound by any orders or judgments of the Court."). The Notice also provided information concerning Class members' right of object. *Id.*

18.     Despite receiving the above Notice, Cannata did not opt out within the specified time period. Instead, she chose to submit her claim and then object to the Settlement on May 2, 2011, the last day to do so.

19.     By any rational measure, Cannata need not have been bound by the District Court's judgment. That she *elected* to do so and now attempts to seize control of this litigation is both contrary to the spirit of *Devlin* and directly at odds with *Felzen*: "the court should not 'fragment the control of the class action' by allowing class members to usurp the role of the class representative without persuading the district judge that the representative is unfit or unfaithful, or that subclasses should be created." *Felzen*, 134 F.3d at 875, *quoting In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) (citations omitted).

## Grounds for the motion

20.     Cannata, a Class member, filed her Objection and this Appeal – which

6

challenges the District Court's decision to grant Final Approval of the parties' Class Action Settlement – without ever having moved to intervene as a party in the Underlying Action, as required by *Felzen* given the circumstances here.

21.    Cannata is foreclosed from intervening in the Underlying Action now by the District Court's entry of an Order of Final Judgment. (Doc. # 67).

## Relief sought

22.    Because Cannata's Appeal is defective as a matter of law and cannot be remedied, Plaintiff-Appellee respectfully requests that the Court dismiss the Appeal with prejudice, award Plaintiff-Appellee costs associated with the filing of this motion, and impose sanctions on Grace M. Cannata given the entirely baseless nature of her Appeal.

Dated: August 31, 2011

By: s/Richard J. Doherty
Attorney for Plaintiff-Appellee

Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle, Suite 1000
Chicago, IL  60602

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

Grace M. Cannata
c/o Sam P. Cannata, Esq.
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125


/s  Richard J. Doherty