# No. 11-2688

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

**GRACE M. CANNATA**
*Plaintiff-Appellant,*

vs.

**DORIS J. MASTERS**, individually and as the representative of the certified class
*Plaintiffs-Appellees,*

vs.

**LOWE'S HOME CENTERS, INC.,**
*Defendant-Appellee.*

## PLAINTIFF-APPELLANT'S RESPONSE IN OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS

Appeal from the United States District Court
For the Southern District of Illinois
No. 09-cv-255-JPG-PMF
The Honorable J. Phil Gilbert

Sam P. Cannata
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Telephone: (216) 214-0796

Attorney for Plaintiff-Appellant

## Introduction

Plaintiff-Appellant Grace M. Cannata ("Cannata") respectfully requests that this Court denies Plaintiff-Appellee Doris J. Masters' ("Masters") motion to dismiss the instant Appeal filed by Cannata. Contrary to the Masters' assertions, Cannata is a named Class Member and party to *Masters v. Lowe's,* No. 09-cv-00255 (S.D. Ill.) (Gilbert, J.) ("Underlying Action") by and through her timely objections to the class action settlement. Dismissal is not warranted since Masters' reasoning is inapposite. Cannata followed the procedures set forth by the District Court of the Class Action Settlement; objected in a timely manner to the proposed class action settlement at the fairness hearing; and the District Court approved the settlement over the objections it heard, as required by *Devlin v. Scardelletti*, 536 U.S. 1, 122 S. Ct. 2005, 153 L.Ed.2nd 27 (2002) ("*Devlin*"). In further support of her response in opposition to the motion to dismiss, Cannata states as follows:

## Factual Background

1. Masters brought the Underlying Action pursuant to the credit card truncation requirement of the Fair and accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681 *et seq*.

2. The Underlying Action settled and the District Court preliminarily approved the Class Action Settlement, which delineated the procedures of the proposed Class Action Settlement, on January 11, 2011. (Docket Entry #47).

3.      On March 11, the District Court approved the parties' Supplemental Order of Preliminary Approval, which further delineated the procedures of the proposed Class Action Settlement.  (Docket Entry #51).

4.      On or about April 1, 2011, Cannata received the Notice of Class Action Settlement ("Notice"), which informed Cannata of the proposed Class Action Settlement; that she maybe a class member in the Underlying Action; and of the procedures to participate in the Class Action Settlement ("Settlement").

5.      Pursuant to the procedures delineated in the Notice, Cannata filed an Objection to the Settlement and the District Court entered the Objection on the Docket on May 2, 2011.  The District Court identified Cannata as the Objector to the Settlement.  (Docket Entry #55).

6.      On July 1, 2011, Masters filed their Response to the five (5) filed Objections, including Cannata's Objection, acknowledging and thoroughly responding to Cannata's Objections to the Settlement.  (Docket Entry #59).

7.      On July 14, 2011, the District Court granted Final Approval, acknowledging "that there were 4 objections filed to the Settlement Agreement and that those objections were without merit", in the Order of Final Approval. (Docket Entry #63).

8.      On July 25, 2011, Cannata appealed the District Court's Order. (Docket Entry #64).

**Legal Argument**

9. In *Devlin*, the Supreme Court stated that "non-named class members … who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." 536 U.S. at 14, 122 S. Ct. 2005.

10. A non-named member of a class action lawsuit, Devlin, objected to a proposed settlement; the District court approved the settlement over the objections it heard, including those advanced by Devlin. *Id*. at 5, 122 S. Ct. 2005. The Supreme Court considered whether Devlin, as a non-named class member, could appeal the settlement. The Court first stated that the question was not one of Article III standing because Devlin had an interest in the settlement sufficient to meet the "case and controversy" test. *Id*. at 6-7, 122 S. Ct. 2005. It further stated that appeals by non-named members do not raise prudential standing concerns. See Id. Instead, the Court classified the question as "whether Devlin should be considered a 'party' for purposes of appealing the approval of the settlement." *Id*. at 7, 122 S. Ct. 2005; see also Fed. R. App. P. 3(c) (1) (A) (stating that, on appeal, the notice of appeal must specify the party or parties taking the appeal").

11. The Supreme Court held that the non-named class member was a 'party' for purposes of appeal, allowing him to appeal the "aspect of the District Court's order that affects him." *Devlin*, 536 U.S. at 9. The Court stated that such an appeal "cannot be effectively accomplished through the named class

representative, because, once the class representative had approved the settlement, its interests had diverged from those class members who had objected to the settlement." *Id*. The Court noted that "[w]hat is most important to this case is that non-named class members are parties to the proceeding in the sense of being bound by the settlement." *Id*. at 10.

12.     Masters relies on *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998) ("*Felzen*") as the basis to dismiss the Appeal. However, *Felzen* does not apply to this matter.

13.     In *Felzen*, the petitioners were shareholders in a shareholders' derivative suit under Rule 23.1, not Rule 23; and the issue before the Seventh Circuit Court of Appeals ("Court of Appeals") was "whether shareholders who are not parties to a Rule 23.1 action nonetheless may appeal". *Id*. at 875.

14.     The Court of Appeals distinguished class members under Rule 23 from class members in Rule 23.1 by citing "…in a shareholders' derivative action, the individual investor is not the injured party and is not entitled to litigate. A derivative suit is brought by an investor in the corporation's (not the investor's) right to recover for injury to the corporation. *Id.* at 876; See also *Frank v. Hadesman & Frank, Inc.,* 83 F.3d 158 (7th Cir. 1996); *Kagan v. Edison Brothers Stores, Inc.*, 907 F.2d 690 (7th Cir. 1990).

15.     While *Felzen's* holding may still apply to certain circumstances involving class members in a shareholders' derivative suit under Rule 23.1, it has

5

been overruled, in part, by *Devlin*.

16. Because *Felzen* is inappropriate here, Masters' Motion to Dismiss Cannata's Appeal should be denied in keeping with *Devlin*.

## Grounds for Denying the Motion to Dismiss

17. Cannata, a class member, timely filed her Objection and this Appeal pursuant to the procedures set forth by the District Court in the Settlement and the Notice. "A procedure that allows non-named class members to object to a settlement at a fairness hearing without first intervening should similarly allow them to appeal the District Court's decision to disregard their objections", as prescribed in *Devlin*.

## Relief Sought

18. Because Cannata's Appeal is valid and not defective as a matter of law, Plaintiff-Appellant respectfully requests that the Court denies Plaintiff-Appellee's Motion to Dismiss Appeal.

Dated: September 9, 2011

*/s/ Sam P. Cannata*
Sam P. Cannata
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Attorney for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system on September 9, 2011.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Sam P. Cannata*
Sam P. Cannata