**Docket No. 11-2688**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

---

**GRACE M. CANNATA,**
Plaintiff-Appellant,

v.

**DORIS J. MASTERS,** individually and
as the representative of the certified class,
Plaintiff-Appellee,

v.

**LOWE'S HOME CENTERS, INC.,**
Defendant-Appellee.

---

### PLAINTIFF-APPELLEE'S REPLY IN SUPPORT OF
### MOTION TO DISMISS APPEAL

---

Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle, Suite 1000
Chicago, IL 60602


Attorney for Plaintiff-Appellee
DORIS J. MASTERS, individually and
as the representative of the certified class

Plaintiff-Appellee Doris J. Masters ("Masters"), individually and as the representative of the certified class, submits this Reply in support of her Motion ("Mot.") to Dismiss the instant Appeal filed by Plaintiff-Appellant Grace M. Cannata ("Cannata") (Doc. # 9) and in opposition to Cannata's Response thereto ("Resp.") (Doc. #11).

## Introduction

Cannata is an unnamed Class member who filed a boilerplate objection to the underlying class-wide Settlement. Cannata failed to opt-out of the Settlement, failed to intervene in the Underlying Action and failed to appear at the final approval hearing, where the objection was summarily overruled. After the District Court approved the Settlement, but before any final judgment had been entered, Cannata filed the instant Appeal.

Masters contends that Cannata is barred from appealing the District Court's Final Approval of Class Action Settlement. *See Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998) ("*Felzen*"), *aff'd by California Public Employees' Retirement System v. Felzen*, 525 U.S. 315 (1999). *Felzen* holds that nonparties may not appeal from a decision of any kind in a class action. *Id.*, 134 F.3d at 875. The purpose of this rule was to prevent the hijacking of class actions by professional objectors like Sam P. Cannata, Plaintiff-Appellant's attorney, who fail to take even the cursory step of intervening as parties.

Cannata argues that *Felzen* does not apply here because it involved a shareholders' derivative suit under Fed. R. Civ. P. 23.1, rather than a Rule 23 class action like the Underlying matter. Cannata also invokes *Devlin v. Scardelletti*, 536 U.S. 1 (2002) ("*Devlin*"), which created an exception to *Felzen*-like intervention requirements where the class member in question lacked the opportunity to opt-out and would be bound by the district court's judgment. Cannata misinterprets *Devlin* as providing a blanket right for unnamed class members in any class action to appeal any ruling of the district court. Finally, Cannata asserts that *Felzen* has been overruled by *Devlin*.

Cannata is wrong. First, *Felzen*'s holding was never limited to shareholder derivative suits. Second, *Devlin*'s applicability is conditioned on a class member's being bound by the Settlement, but Cannata was not inextricably bound by the Settlement. Third, *Felzen* was never expressly overruled by *Devlin*. In sum, Cannata's arguments invert the law: *Felzen* is presented as narrow in scope, while *Devlin* is broadly construed. The opposite is true. *Felzen*'s relevance to class actions is global; *Devlin* is limited to instances where a class member's only avenue of relief from a binding judgment is through an appeal. Because this is not the case here, Cannata's Appeal should be dismissed.

**Legal argument**

**I.     *Felzen* applies to class actions generally.**

Cannata argues that "*Felzen* does not apply to this matter" but only to "certain circumstances in a shareholders' derivative suit under Rule 23.1[.]" (Resp. at 5). Cannata is wrong; in fact, as the *Felzen* court stated: "Lest doubt linger, we now formally overrule ... any other case in this circuit that permits non-parties to appeal from a decision of *any kind in a class action*." *Felzen*, 134 F.3d at 875 (emphasis added) (citations omitted). *Felzen* was never – either expressly or impliedly – limited to shareholders' derivative suits. Its holding was intended to govern all class actions, including those, like this one, instituted under Fed. R. Civ. P. 23(b)(3). Cannata's suggestions to the contrary are at odds with the plain language of *Felzen*.

**II.    Cannata fails to address *Devlin*'s limited applicability.**

Cannata's Response utterly fails to address the central issue upon which Masters distinguished *Devlin*. *Devlin*'s holding expressly aims to protect a class member's rights where the "only means of protecting himself from being bound by a disposition of his rights" is through an appeal. *Devlin*, 536 U.S. at 10-11. The *Devlin* court was candid about this fact, noting that whether a non-named class member is a party depends entirely on the specific circumstances at hand. *See id.* ("Nonnamed class members ... may be parties for some purposes and not for

4

others."). For example, the petitioner in *Devlin* was a "party" for purposes of appeal because the Rule 23(b)(1) class settlement at issue there provided no opportunity for class members to opt-out of, and therefore avoid being bound by, the settlement.

By contrast, a Rule 23(b)(3) class settlement provides class members the opportunity to opt-out of , and not be bound by, the settlement. *See AAL High Yield Bond Fund v. Deloitte & Touche LLP,* 361 F.3d 1305, 1310 (11th Cir. 2004) (noting that *Devlin* "allow[s] appeals by parties who are actually bound by a judgment, not parties who merely *could* have been bound by a judgment."). This Court has also recognized *Devlin*'s specific relevance to actions in which the affected person is "bound by the suit's outcome." *S.E.C. v. Enterprise Trust Co.*, 559 F.3d 649, 651 (7th Cir. 2009). Here, Cannata had the opportunity to opt-out of the underlying Rule 23(b)(3) class settlement, but instead chose to "opt-in" and be "bound" rather than intervene or opt-out and file her own action (Mot. at 5-6, ¶¶ 17-19). The *Devlin* court never answered whether an unnamed class member should be deemed a "party" under those circumstances.

The question of *Devlin*'s scope remains an unresolved question, albeit one that courts – including this one – have considered. *See Gautreaux v. Chicago Housing Authority*, 475 F.3d 845, 851-852 (7th Cir. 2007) (collecting cases "hesitat[ing] to extend *Devlin* beyond the ... context of a class action settlement

agreement to which class members do not have the opportunity to opt out."). Inexplicably, Cannata ignores these cases in favor of a simplistic insistence that *Devlin* categorically allows appeals by unnamed class members. The text of *Devlin* does not bear that interpretation out, and Cannata's failure to address Masters' contrary arguments and authorities militates in favor of dismissal. At the very least, Cannata's unwillingness or inability to respond to Masters' arguments should be taken as an admission that those arguments are correct.

### III.  *Felzen* has not been overruled.

*Felzen*'s requirement that unnamed class members intervene prior to appealing has never been expressly overruled. In deciding *Devlin*, the Supreme Court explicitly abrogated the rulings of five federal Courts of Appeal on that issue. *Felzen* was not among them. Significantly, when this Court re-assessed its prior precedent in light of *Devlin*, *S.E.C. v. Wozniak*, 33 F.3d 13 (7th Cir. 1994) was overruled, but *Felzen* was not. *Enterprise Trust*, 559 F.3d at 652.

As in *Devlin*, the investors who appealed the district court's judgment in *Wozniak* without intervening were "bound by the suit's outcome." *Id.* at 651. By contrast, *Felzen*'s broad holding applies to *all class actions*. Therefore, even if *Devlin* preempts *Felzen* with respect to "bound" class members, *Felzen* remains good law where the class member seeking appellate review "merely *could* have

been bound by a judgment." *AAL High Yield Bond Fund*, 361 F.3d at 1310. Given that this is the situation here, the Court should follow *Felzen*.

## IV. The policy considerations underlying *Felzen* are present here.

Cannata cites *Devlin* for the proposition that any objector in any class action has the right to appeal any ruling of the district court (Resp. at 6, ¶ 17). But *Devlin* only holds that unnamed class members are "parties" in a singular context, *i.e.*, where they cannot avoid being bound by the district court's judgment absent a right to appeal. The *Devlin* court never considered whether professional objectors who had a choice not to be bound should be considered "parties" endowed with the right to appeal. But the *Felzen* court did:

> "[T]he court should not 'fragment the control of the class action' by allowing class members to usurp the role of the class representative without persuading the district judge that the representative is unfit or unfaithful, or that subclasses should be created." [*Felzen*, 134 F.3d at 875, *quoting In re Brand Name Prescription Drugs Antitrust Litig.*, 115 F.3d 456, 457 (7th Cir. 1997) (citations omitted).]

The above passage perfectly describes the situation here. The orderly resolution of the parties' Settlement is being stalled unilaterally by single objector who has never bothered to demonstrate that most basic commitment to good-faith litigation: intervention as a party. Cannata's counsel, Sam P. Cannata, has objected or served as objectors' counsel in numerous other class actions,[1] including *Sampang et al v.*

---

[1] This listing is impressive, but does not purport to be a complete record of Mr. Cannata's activities, which may include both older federal and state court objections as well. Rather, this

7

*AT&T Mobility LLC et al.* ("*AT&T*"), No. 2:07-cv-05325-JLL-ES (Doc. 499) (D. N.J.), *see also* Supplemental Objection filed June 17, 2010 (Doc. 531); *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.* ("*Poole*"), No. 3:06-cv-01657-HA (Doc. 82) (D. Ore.); *In re HP Inkjet Printer Litigation*, No. C05-3580 (Doc. 266) (N.D. Cal.); *In re Vytorin/Zetia Mktg. Sales Practices and Prods. Liab. Litig.*("*Vytorin*"), No. 2:08-cv-00285 (Doc. 203) (D. N.J.); *Marskyyan v. Mercedes-Benz USA, LLC* ("*Mercedes*"), No. 08-cv-04876-AHM(JTLx) (Doc. 102) (C.D. Cal.); *Hartless v. Clorox Co.* ("*Clorox*"), 06-cv-02705 (S.D. Cal.); *In re Lawnmower Engine Horsepower Mktg. and Sales Practices Litig*, No. 2:08-md-01999 (E.D. Wis.); *Smith v. W.M. Wrigley, Jr. Co.*("*Wrigley*"), No. 09-60646 (S.D. Fla.); *Gamelas v. The Dannon Co., Inc.* ("*Dannon*"), No. 08-cv-00236, 2010 U.S. Dist. LEXIS 99503 (N.D. Ohio Aug. 31, 2010). The *Dannon* court characterized the objections filed in that case, including by Mr. Cannata, as follows:

> The only objections to the settlement were lodged by what now appear to be "serial objectors." These objectors appealed the Court's ruling finding the parties' settlement is fair, reasonable, and adequate .... The Court finds that [the objector's] appeal is meritless ... In short, [the objector] appears to be making a business of objecting to, and appealing, class action settlements in order to obtain some financial reward [*Dannon*, *supra*, 2010 U.S. Dist. LEXIS 99503, at *5].

Clearly, Mr. Cannata is one of those who "make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements" to

---

listing merely reflects the results of a PACER search for recent federal class action settlements to which Mr. Cannata has objected.

extortive ends. *In re Barnes*, *supra*, 2006 U.S. Dist. LEXIS 71072, at \*\*3-4. Indeed, Mr. Cannata appears to be so busy objecting to settlements that he lacks the time to draft original objections in each case. Consequently, he is compelled to recycle the same objections over and over, without regard to the particular settlement he ostensibly finds objectionable. In the Underlying Action, Masters presented the District Court with an annotated version of Cannata's Objection with passages copied verbatim from Mr. Cannata's other objections highlighted and marked by case name, *e.g.*, "AT&T" or "Clorox." These "retread" objections formed a large portion of the Cannata Objection, casting doubt on whether Cannata and Mr. Cannata even read the Settlement before filing their boilerplate objection. It is doubtful that the *Devlin* court, which expressly stated that an unnamed class member's status as a "party" is purely contextual, would be willing to extend "party" privileges to a class member who decided not to opt-out and file the frivolous objections described above. Where *Devlin* does not even purport to govern conduct like Cannata's, *Felzen* is directly on-point and, therefore, merits the Court's deference.

## Conclusion

Plaintiff-Appellee respectfully reiterates its requests that the Court dismiss the Appeal with prejudice, award Plaintiff-Appellee costs associated with the filing of this motion, and impose sanctions on Grace M. Cannata given the entirely

baseless nature of her Appeal.

Dated: September 16, 2011

By: <u>s/Richard J. Doherty</u>
Attorney for Plaintiff-Appellee

Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle, Suite 1000
Chicago, IL 60602

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that all of the participants in the case are CM/ECF users.

/s Richard J. Doherty